SHIVERS, Judge.
Communications Workers of America, AFL-CIO appeal the dismissal of their declaratory judgment action seeking to be the collective-bargaining agent of the employees of North Central Florida Community Mental Health Center, Inc. They raise as issues the trial court’s denial of jurisdiction and determination of the matter to be a legislative rather than a judicial issue. We affirm on the first ground, and find it unnecessary to reach the second.
In 1981 the National Union of Hospital and Health Care Employees, Local 1199 filed a representation petition before the National Labor Relations Board pursuant to the National Labor Relations Act, 29 U.S.C. § 151 et seq. The defendant Center responded by maintaining it was a public employer pursuant to section 2(2) of the Act, and consequently the National Labor Relations Board did not have jurisdiction. On March 5, 1981 the regional director of the Board agreed with the Center’s assertion and dismissed the petition.
In July 1988 the appellant, a different entity,[1] filed a petition for representation-certification with the Florida Public Employees Relations Commission (PERC). After two hearings concerning the status of the Center and the jurisdiction of the *166 PERC, the PERC concluded that the Center was not a public employer and lacked jurisdiction.
The Union in the prior NLRB action failed to seek review of the regional director’s dismissal of their petition. The appellant failed to seek appellate review of the PERC’s dismissal of its representation-certification petition in the District Court pursuant to Chapter 120, Fla.Stat.
The trial court dismissed the complaint for declaratory judgment stating that it lacked jurisdiction, since the matter in controversy is arguably preempted by the National Labor Relations Act. The court reasoned that since the administrative remedies available under the National Labor Relations Act had not been exhausted, the court possessed no jurisdiction.
State court jurisdiction is preempted in controversies encompassed by the National Labor Relations Act. 29 U.S.C. § 151 et seq., Garner v. Teamsters, Chauffeurs & Helpers Local Union No. 776, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953).
In the present case the Union has failed to exhaust its administrative remedies available under the National Labor Relations Act. Although the Center was also the employer in the 1981 petition, the present union in fact has not filed a representation petition before the National Labor Relations Board. The fact that the National Labor Relations Board arguably has jurisdiction, and the fact that this union, appellant Communications Workers of America, has failed to exhaust its administrative remedies before the Board, leads to the conclusion that the trial court’s determination of lack of jurisdiction upon this ground must be affirmed.
The resolution of this issue makes it unnecessary to reach the other issue raised by appellant.
AFFIRMED.
MILLS and ZEHMER, JJ., concur.

. The appellant argues that both unions represent employees of the same employer and thus share an identity of interest.